IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ANTHONY VINCENT CARTMAN**, **#65507054**, | § § § |
| Petitioner, | § § |
| v. | § Civil Action No. **3:15-CV-481-L** § |
| **HUNT COUNTY TEXAS**, | § § |
| Respondent. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is Petitioner's Objections to Magistrate Judge Toliver's Report and Recommendation (Doc. 16), received June 16, 2015. For the reasons that follow, the court construes Petitioner's objections as a motion under Federal Rule of Civil Procedure 60(b) and **denies** the motion.

I. **Procedural Background**

Petitioner Anthony Vincent Cartman ("Petitioner" or "Cartman") filed this habeas action under 28 U.S.C. § 2241 on or about January 13, 2015. On March 30, 2015, Magistrate Judge Renée Harris Toliver entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the action be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and comply with a court order. Specifically, Petitioner had failed to comply with the Notice of Deficiency entered by the magistrate judge on February 18, 2015, requiring him to complete and file a habeas form petition by March 18, 2015. Objections to the Report were due no later than April 17, 2015. No objections were filed by this

date. On April 22, 2015, the court accepted the magistrate judge's findings and conclusions as those of the court and dismissed without prejudice this action pursuant to Rule 41(b) for failure to prosecute and follow court orders.

In his objections, Petitioner asserts that on February 24, 2015, he was transferred to Fort Dix, New Jersey, and the Report was sent to the facility where he was previously being held. Petitioner contends that he did not actually receive the magistrate judge's Report or Notice of Deficiency until shortly before filing his objections. Petitioner acknowledges that he inquired a few months ago about the status of his case and was informed that it had been dismissed without prejudice for the reasons set forth in the Report. Petitioner further notes that he initiated this action because his previously filed habeas action, which was based on the same grounds, was similarly dismissed without prejudice. Petitioner contends that, like this case, he did not receive the magistrate judge's findings and conclusions in his prior habeas action until after the case was dismissed.

## II.    Rule 60(b) Standard

Rule 60(b)(1) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The movant seeking relief under Rule 60(b)(1) has the burden of establishing mistake or excusable neglect regardless of whether he or she is proceeding pro se. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (concluding that a pro se "litigant acquiesces in and subjects himself to the established rules of practice and procedure. The burden of establishing excusable neglect is upon [the movant], even one proceeding pro se."). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. United States*

*Serv.*, 769 F.2d 281, 286 (5th Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief," and a district court abuses its discretion when it "reopen[s] a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010); *Birl*, 660 F.2d at 593 ("The burden of establishing excusable neglect is upon [the movant], even one proceeding pro se. . . . the excusable neglect standard is a strict one . . . requiring more than mere ignorance."). Rule 60(b)(1) also allows the court to set aside a final judgment for "any other reason that justifies relief" but is reserved for "exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (2007).

**III.   Analysis**

Even when liberally construed in the light of his pro se status, Plaintiff does not meet the standards of Rule 60(b)(1) or (b)(6), and the court concludes that none of the other grounds under Rule 60(b) applies. Petitioner's pro se status does not relieve him from complying with relevant procedural rules, substantive law, or the court's orders. *Vafaiyan*, 398 F. App'x at 990; *Birl*, 660 F.2d at 593. Additionally, as a party to this lawsuit, Petitioner had a duty to keep apprised of the progress of this case, and the failure to do so is not a sufficient basis to justify relief under Rule 60(b)(1). *See Edward H. Bohlin Co., Inc. v. The Banning Co.*, 6 F.3d 350, 357 (5th Cir.1993).

In the Northern District of Texas, prisoner pro se plaintiffs and petitioners are provided with written instructions regarding procedural rules that they must follow to avoid delay or dismissal of

a case. Regarding address changes, the court's instructions state: "You must notify the Court if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case." Instructions to a Prisoner Pro Se Plaintiff (Doc. 9). These instructions were provided to Petitioner in this case, *see id.*, *but he waited four months to notify the court of his address change and provides no explanation for the delay. Thus, if Petitioner did not receive the orders entered in this court until recently, it is because he failed to promptly notify the court of his address change that occurred in February 2015.*

Moreover, this is not Petitioner's first rodeo. Petitioner was provided with the same change of address instructions in his prior section 2241 habeas action, which was dismissed without prejudice on April 30, 2013, after he similarly failed to complete and submit a habeas form petition in accordance with a notice of deficiency order that was mailed to the address provided by him. *See Cartman v. Hunt Cnty., Texas*, 3:13-CV-00706-M-BK. In 2010, Petitioner was also instructed that he must promptly notify the court of address changes when he filed a section 1983 action, based on the same underlying facts, that was dismissed as frivolous. *See Cartman v. Dickerson, et al.*, 3:10-CV-1278-B. Accordingly, Petitioner cannot feign ignorance regarding the court's procedural requirement for address changes; nor can he claim that he was unaware that he would be required to complete and submit a section 2241 habeas petition form, which he has yet to do. Further, while Petitioner acknowledges that he inquired about the status of his case "[a] few months ago" and learned at that time that the case had been dismissed, he fails to explain why he waited a few months before seeking to have the case reopened. Cartman's Mot. 1.

Based on the foregoing, the court finds and concludes that Plaintiff has not shown that the judgment should be vacated pursuant to Rule 60(b)(1) based on "excusable neglect." As noted

above, "[t]he burden of establishing excusable neglect is upon [the movant], even one proceeding pro se. . . . the excusable neglect standard is a strict one . . . requiring more than mere ignorance." *Birl*, 660 F.2d at 593.  Accordingly, Petitioner's pro se status and any claimed ignorance of the court's procedural rules are insufficient to entitle him to the relief requested, and he has failed to meet his burden under Rule 60(b)(1).  *See, e.g., Sanders v. Department of Health and Human Servs.*, 508 F. App'x 311, 312 (5th Cir.), *cert. denied*, 134 S. Ct. 388 (2013) (affirming denial of Rule 60(b)(1) motion in which "Sanders argued, in essence, that her former status as a pro se litigant resulted in errors that entitle her to relief.").  The court further finds and concludes that Plaintiff's transfer to Fort Dix, New Jersey, was not the result of "extraordinary circumstances." While the transfer may have been unforeseen, it does not explain Petitioner's long delay in notifying the court of his address change and seeking to reopen this case after learning that it had been dismissed.

**IV.   Conclusion**

For the reasons stated, the court **denies** Petitioner's motion under Federal Rule of Civil Procedure 60(b) and request to reopen the case.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a)(3).  *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Any appeal of this action would present no legal point of arguable merit and would therefore be frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  In the event of an appeal, Plaintiff may challenge this certification by paying the $505 appellate filing fee or filing

a separate motion to proceed *in forma pauperis* on appeal with clerk of the United States Court of Appeals for the Fifth Circuit.* *See Baugh*, 117 F.3d at 202; Fed. R. App. 24(a)(5).

**It is so ordered** this 18th day of June, 2015.

Sam A. Lindsay
United States District Judge

---

* Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.

**Memorandum Opinion and Order – Page 6**